**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TAYLOR M. BALLARD,

        Plaintiff,

v.

AT&T MOBILITY, INC., et al.,

        Defendants.

Civil Action No. 15-8808 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Taylor M. Ballard's ("Plaintiff") Motion for Relief pursuant to Rule 60(b) (ECF No. 31) "to set aside order of dismissal."[1] (ECF No. 30). Defendants AT&T Mobility, Inc. and AT&T Corp. (collectively, "Defendants") filed opposition and a cross-motion for sanctions under Federal Rule of Civil Procedure 11 ("Rule 11"). (ECF No. 34.) Plaintiff filed a reply in further support of her Rule 60 motion and in opposition to the cross-motion. (ECF No. 41.) The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Plaintiff's motion for relief and denies Defendants' cross-motion for sanctions.

**I.**    **Background**

Plaintiff initiated this action in the Superior Court of New Jersey, Monmouth County in November 2015 alleging that she was subjected to sexual harassment while employed by

---

[1] In actuality, Plaintiff's motion seeks to set aside entry of summary judgment in favor of Defendants.

Defendants.[2] Defendants removed the lawsuit to federal court in December 2015. (ECF No. 1.) On January 24, 2017, Defendants filed a Motion for Summary Judgment.[3] (ECF No. 23.) Plaintiff filed opposition (ECF No. 25) and Defendants replied (ECF No. 28). On August 25, 2017, the Court granted summary judgment in favor of Defendants, finding that, based on the record before the Court, Plaintiff's allegations "amount[ed] to mere workplace difficulties" (Aug. 25, 2017 Mem. Op. 20, ECF No. 29), and Plaintiff had not established constructive discharge or retaliation (*id.* at 22-25). Plaintiff did not appeal to the Third Circuit.

Four months later, in December 2017, Plaintiff filed a motion under Rule 60(b) to set aside the Court's decision granting summary judgment, arguing that recent highly-publicized sexual harassment allegations in the news, such as allegations against Harvey Weinstein—unrelated to any of the parties involved in this lawsuit—warrants setting aside the Court's August 2017 summary judgment decision. (Pl.'s Moving Br., ECF No. 31.) Defendants filed opposition and a cross-motion for sanctions under Rule 11 and Plaintiff filed a reply in support of her Rule 60(b) motion and opposition to Defendants' Rule 11 motion.

## II. **Plaintiff's Rule 60 Motion**

Under Federal Rule of Civil Procedure 60(b), courts have discretion to grant a party relief from a final judgment, order, or proceeding. *See Shapiro v. Baker*, 646 F. Supp. 1127, 1128 n.1 (D.N.J. 1986) (citing *Greco v. Reynolds*, 416 F.2d 965 (3d Cir. 1969)). Rule 60(b) provides for

---

[2] The detailed factual history was discussed at length in the Court's August 25, 2017 Memorandum Opinion (*see* ECF No. 29) and, as such, will be repeated here only to the extent necessary to decide the instant motions.

[3] Defendants initially moved for summary judgment on December 9, 2016 (ECF No.14); however, due to Defendants' failure to include a statement of material facts not in dispute in accordance with Local Civil Rule 56.1, the Court denied the motion without prejudice. (ECF No. 22.)

2

relief from a final judgment only in limited and extraordinary circumstances, such as mistake, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party. The Rule also contains a catchall provision for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Third Circuit has cautioned district courts that granting Rule 60(b) motions should be reserved for extraordinary circumstances. *Budget Blinds Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008); *Ackermann v. United States*, 340 U.S. 193, 198-99 (1950). Importantly, a Rule 60 motion "may not be used as a substitute for an appeal." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003); *see also* Fed. R. Civ. P. 60, Advisory Committee Note (A Rule 60(b) application "does not extend the time for taking an appeal."); *Santiago-Gomez v. Chertoff*, No. 06-3608, 2007 WL 1657353, at *4 (D.N.J. June 6, 2007) ("[C]ourts must be guided by 'the well-established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.'") (quoting *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977)). Accordingly, where the losing party fails to file a timely appeal, Rule 60(b) may not be used to circumvent filing requirements or to receive additional time.

Essentially, Plaintiff's motion seeks relief on three separate grounds: (1) an alleged change in society post-Weinstein (Pl.'s Moving Br. 1-17; Pl.'s Reply Br. 2-3, ECF No. 41); (2) Plaintiff's disagreement with the Court's prior decision (Pl.'s Moving Br. 9-23; Pl.'s Reply Br. 8-9, 11-26); and (3) the Third Circuit's decision in *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206 (3d Cir. 2017), which Plaintiff contends constitutes a change in the law (Pl.'s Reply Br. 7).

To the extent that Plaintiff's Rule 60 motion simply disagrees with the Court's prior opinion,[4] this is an impermissible basis for a Rule 60 motion and the motion is denied on this ground. *See Martinez-McBean*, 562 F.2d at 911 (Rule 60 motion rejected where movant "simply challenge[d] [the] Court's prior construction and attempt[ed] to relitigate the same facts and application of the same law.").

Next, Plaintiff's argument that *Moody* presents grounds for granting her Rule 60 motion is not persuasive. First, *Moody* is not a change in the law. The Third Circuit's decision—issued a week and a half after the Court's decision here—reversed the District Court while applying well settled legal principles to the specific facts of *Moody*, and did not change the law. Further, even if *Moody* did constitute a change in the law, at the time *Moody* was decided, Plaintiff's time to appeal had not yet expired. In fact, Plaintiff was still within the fourteen-day period to file a motion for reconsideration. If Plaintiff believed that *Moody* warranted a change in the outcome here, Plaintiff could have moved for reconsideration or filed an appeal and a Rule 60(b) motion. *See Schmidt v. Schubert*, 79 F.R.D. 128, 129 (E.D. Wis. 1978) ("Where [a change in applicable law] occurs prior to the running of the time for appeal, *the appropriate procedure is to file the notice of motion and to file the Rule 60(b) motion with the district court prior to the running of the time for appeal.* If the district court believes that relief is appropriate under rule 60(b), it can request the appellate court to remand the case.") (emphasis added) (internal citations omitted). Plaintiff's motion on this ground, therefore, is denied.

---

[4] Plaintiff also argues that the Court incorrectly decided the motion for summary judgment because Plaintiff presented sufficient evidence and the Court impermissibly made credibility determinations (Pl.'s Moving Br. 9-12); issues of fact exist that should have been reserved for the fact-finder (*id.* at 10-17); and the conduct at issue qualifies as harassment (*id.* at 18-23).

4

Finally, Plaintiff argues that an alleged difference in society between the August 2017 decision and the December 2017 Rule 60 motion provides a basis for relief. In essence, Plaintiff argues that highly publicized allegations related to Harvey Weinsten have changed "common sense" so that whereas "[i]n 1982, common sense would tell us the average person does not have the ability to transmit information by computer at home, in 2002, he does"; now, "post-Weinstein, most public corporations can be assumed to have policies that actually implement and effectively prohibit and punish sexual harassment, [while] previously[, these] companies tolerated prohibited acts." (Pl.'s Moving Br. 8.) Plaintiff argues that "common sense" and "industry standards" have changed between the time of the Court's decision in August 2017 and Defendants' motion in December 2017 so that "[t]oday reasonable women believe they should not have to accept [the conduct at issue]."[5] (*Id.* at 9.) Plaintiff relies on the seminal Supreme Court constitutional cases on interracial marriage, sodomy laws, and gay marriage to argue that changing societal norms impact judicial decisions (Pl.'s Reply Br. 2-3), and the conduct alleged by Plaintiff "should be sufficient to present an issue of fact" "[u]nder today's standard" (*id.* at 10).

Defendants argue that Plaintiff's motion is without any basis in law or fact as it completely relies on inadmissible news stories, public sentiment, and the same arguments raised in opposition to Defendants' motion for summary judgment. (Defs.' Opp'n Br., ECF No. 34-1.) Defendants also argue that Plaintiff is improperly attempting to "revive the appeal period." (*Id.* at 2.)

The Court finds no basis here to grant Plaintiff's Rule 60 motion. This is not "new evidence." Plaintiff's sweeping assertions about the behavior of corporations before and after allegations of sexual harassment about Harvey Weinstein are not only completely unsupported by

---

[5] Plaintiff acknowledges that none of this evidence is admissible, but claims admissibility is irrelevant because "[the information] helps supply a reasonable interpretation of the existing evidence." (*Id.* at 9.)

5

any reliable citation,[6] but none of the evidence is relevant to any of the parties here. The news stories at issue would not have changed the Court's decision and have no bearing on the Court's prior decision. Accordingly, the Court finds that Plaintiff has not set forth any valid basis to grant relief under Rule 60. Plaintiff's motion, therefore, is denied.

## III. Rule 11 Motion for Sanctions

### A. Background

Defendants cross-moved for sanctions against Plaintiff for filing the Rule 60(b) motion. Defendants argue that Plaintiff's motion is completely frivolous and was "brought for an improper purpose, namely, to increase the expense of this terminated litigation and extend the appeal period." (Defs.' Opp'n Br. 2, 10.) According to Defendants, Plaintiff's arguments are not warranted by existing law or a nonfrivolous argument to modify the law, and Plaintiff has not presented any "argument for why the Court should reassess its 'judgment and experience' from four months ago because of a news story that has nothing to do with Plaintiff." (*Id.* at 10-12.) Defendants ask that the Court award Defendants their legal fees in opposing the Rule 60 motion and making the Rule 11 motion.[7] (*Id.* at 15.)

In opposition, Plaintiff argues that the motion is not frivolous because Plaintiff "relies upon a recent Third Circuit decision supporting the position espoused on [the Rule 60] motion." (Pl.'s

---

[6] Plaintiff essentially asks the Court to infer from timely responses to recent sexual harassment allegations by certain corporations—which are unaffiliated with Defendants—that all corporations previously failed to take sexual harassment seriously, and there has been a sudden, sweeping change in the responses by corporations.

[7] Plaintiff does not dispute Defendants' assertion that they complied with Federal Rule of Civil Procedure 11(c)(2) and provided Plaintiff with 21 days to withdraw the Rule 60 motion before filing this cross-motion with the Court. (Defs.' Opp'n Br. 5-6 n.2.)

6

Reply Br. 27.) In support of Plaintiff's claim that Rule 11 sanctions are inappropriate, Plaintiff essentially argues that the Court was incorrect in its initial decision:

> We respectfully disagree that the combination of pornography, comments about Plaintiff's breasts, false comments about her having sex with a co-worker, regular discussions of the sexual desirability of women customers and co-workers, with management aware of the conduct and ignoring it or blaming Plaintiff for its occurrence, cannot be said to constitute a hostile work environment, and that putting forth a good faith argument it does based upon law in this state and Circuit is frivolous.

(*Id.* at 27.) Plaintiff also argues that Defendants' "somewhat convoluted argument about an appeal" does not render Plaintiff's motion frivolous. (*Id.* at 28.) Plaintiff, therefore, asks the Court not to impose sanctions.

### B. Discussion

Rule 11 requires that all submissions to the Court must be "warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Rule "authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose." *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995). Bad faith is not required for a sanction to be appropriate. *Id.* The Rule imposes an obligation on counsel and client analogous to the railroad crossing sign, "Stop, Look and Listen." It may be rephrased, "Stop, Think, Investigate and Research" before filing papers. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). Any sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4).

The test for whether a Rule 11 motion should be granted is objective reasonableness under the circumstances. *Bus. Guides, Inc. v. Chromatic Communs. Enters., Inc.*, 498 U.S. 533, 550-51

(1991).[8] The Third Circuit defines reasonableness as "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact." *Magerman v. Mercer*, No. 17-3490, 2018 WL 684806, at *3 (E.D. Pa. Feb. 2, 2018) (quoting *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991)). "An attorney can be sanctioned for both bad faith, negligence, and 'to some extent, [] professional incompetence.'" *Shenango Inc. v. Massey Coal Sales Co.*, No. 08-199, 2009 WL 2901296, at *6 (D.N.J. Sept. 10, 2009) (citing *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987)). "There is no room for a pure heart, empty head defense under Rule 11." *Lieb v. Topstone Indus.*, 788 F.2d 151, 157 (3d Cir. 1986) (citation omitted). *Graco, Inc. v. PMC Glob., Inc.*, 2011 WL 666048, at *35 (D.N.J. Feb. 14, 2011.) When a motion for sanctions is made separately from other motions, and the party follows the procedures set forth in the rule, the court may award the prevailing party reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Fed. R. Civ. P. 11(c)(2). "Absent exceptional circumstances, a law firm must be held jointly responsible for violations committed by its partner, associate, or employee." *Id.*

The Third Circuit has also warned that "the target is abuse—the Rule must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute." *Gaiardo*, 835 F.2d at 482. Rule 11 is intended to impose sanctions "only in the 'exceptional circumstance,' where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (internal citation omitted); *see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994); *Magerman*,

---

[8] *See also Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010), *as amended* (Dec. 7, 2010); *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995); *Shenango, Inc. v. Massey Coal Sales Co.*, No. 08-199, 2009 WL 2901296, at *6 (D.N.J. Sept. 10, 2009); *Goodman v. Goodman*, 2007 WL 748445, at *2 (D.N.J. Mar. 6, 2007).

8

2018 WL 684806, at *3. "And even where such exceptional circumstances exist, the court is merely authorized, not required, to impose sanctions." *Gonzalez v. Busy Place Early Learning Ctr.*, No. 14-6349, 2015 WL 5679887, at *5 (D.N.J. Sept. 25, 2015) (citing *Bensalem Twp.*, 38 F.3d at 1314). Importantly, "the rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Gaiardo*, 835 F.2d at 483. "The Rule should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories." *Pensiero v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988). "The Rule seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law." *Gaiardo*, 835 F.2d at 483-84. The creativity, however, "must be in service of a good faith application of the law or at least a good faith request for a change in the law." *Id.* at 484. "The purpose of the rule is simple: to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation." *Matthews v. Freedman*, 128 F.R.D. 194, 197 (E.D. Pa. 1989) (*aff'd*, 919 F.2d 135 (3d Cir. 1990)).

After careful review of the filings, the Court is not persuaded that the motion was so frivolous as to warrant sanctions and, therefore, denies Defendants' motion. Although the Court declines to find that Plaintiff's counsel's conduct violated Rule 11, the Court cautions that this was not an easy decision. Counsel's filing bordered on frivolous, considering the relevant case law and the circumstances of the litigation. While the Court's decision ultimately reflects the policy consideration that Rule 11 sanctions should not "chill" an attorney from making a creative argument, Plaintiff's argument bordered on "precisely the sort of 'creativity' Rule 11 should chill." *Pawlowske v. Chrysler Corp.*, 623 F. Supp. 569, 573 (N.D. Ill. 1985) (granting motion for sanctions where the court found that plaintiff's "creativity" was not a good faith application of the

9

law or request for a change in the law.) The Court, therefore, denies Defendants' motion for sanctions, but cautions counsel to carefully consider future filings.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that Plaintiff's Rule 60(b) motion is denied and Defendants' Rule 11 motion is denied. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 11th, 2018